FILED'10 AUG 05 15:37USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| C.K., an individual; ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 09-1496-JO |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| PAUL GOLDEN; ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

Michelle R. Burrows
MICHELLE R. BURROWS, PC.
618 N.W. Glisan, Suite 203
Portland, OR 97209

Vonda M. Sargent
LAW OFFICES OF VONDA M. SARGENT, PLLC
119 First Avenue South, Suite 320
Seattle, WA 98104

Attorneys for Plaintiffs

Jacqueline S. Kamins
Kristin A. Winges-Yanez
OREGON DEPARTMENT OF JUSTICE
1162 Court Street, N.E.
Salem, OR 97301

Attorneys for Defendants

JONES, Judge:

Plaintiffs C.K., S.S., C.M., and F.A. bring this action for sexual assault under 42 U.S.C. § 1983 against defendants Golden, Yancey, Marlin, and Lyons for violation of the Eighth and Fourteenth Amendments. Plaintiffs allege that defendant Golden, a civilian manager working for the Oregon Department of Corrections ("ODOC"), sexually assaulted them while they were incarcerated at Coffee Creek Correctional Institution and that defendants Yancey, Marlin, and Lyons, prison officials, caused plaintiffs' injuries by failing to adequately supervise Golden.

This case is before the court on defendants Yancey, Marlin, and Lyons' Federal Rule of Civil Procedure 12(b)(6) motion to dismiss (#17) plaintiffs' § 1983 claims. For the reasons stated, the motion is denied.

STANDARD

A complaint may survive a Rule 12(b)(6) motion to dismiss for failure to state a claim if it contains "'enough facts to state a claim to relief that is plausible on its face.'" Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009)). The court must "'construe the complaint in the light most favorable to the plaintiff[s], taking all [their] allegations as true and drawing all reasonable inferences from the complaint in [their] favor.'" Mohamed v. Jeppesen Dataplan, Inc., 579 F.3d 943, 949 (9th Cir. 2009) (quoting Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005)).

DISCUSSION

1. Eighth Amendment Claim

A prison official violates the Eighth Amendment for failing to prevent harm to an inmate when (1) the official's act or omission poses a "substantial risk of serious harm" and (2) his or her "state of mind is one of 'deliberate indifference' to inmate health or safety." Farmer v. Brenann, 511 U.S. 825, 835 (1994). "Deliberate indifference" is equivalent to recklessly disregarding a known risk. Id. at 836. "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 387. A prison official does not violate the Eighth Amendment by failing to eliminate a substantial risk of serious harm that he should have perceived but did not. Id. at 838; see also Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (if the prison official "should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk"). Whether the official had the requisite knowledge is a question of fact, which may be shown by circumstantial evidence. Id. at 842.

The defendant prison officials assert that plaintiffs have failed to allege that they actually knew of Golden's wrongdoing. According to defendants, plaintiffs allege no more than state law negligence claims; i.e., that they should have known of Golden's wrongdoing.

Because this is a Rule 12(b)(6) motion, my review is limited to plaintiffs' allegations set forth in the Complaint. Plaintiffs allege that defendants knew about rumors concerning Golden and failed to adequately supervise Golden during the day. Complaint, ¶ 25. According to plaintiffs, defendants received several inmate complaints about Golden, but either did nothing or moved the complainants out of the physical plant that Golden supervised. Complaint, ¶ 25.

Plaintiffs further allege that these defendants engaged in "non-interested, indifferent, and wilfully ignorant supervisory practice[s]," and defendants ignored "complaints, evidence of abuse, and the obvious and clear record of a serial predatory sex offender in their midst." See, e.g., Complaint, ¶¶ 83, 84. These allegations are barely sufficient to show that defendants were aware of facts concerning Golden's conduct from which they could and actually did infer that his conduct posed a substantial risk of serious harm to these plaintiffs; however, they are sufficient to meet the notice pleading standard of Federal Rule of Civil Procedure 8(a)(2), which merely requires a "short and plain statement of the claim showing that the pleader is entitled to relief."[1]

2. Qualified Immunity

Defendants argue that qualified immunity shields them from suit because plaintiffs have failed to allege that they violated plaintiffs' constitutional rights under a standard supported by clearly established federal law. I do not reach this issue at this juncture because the parties have yet to engage in discovery.

[1] Although no motion is before the court, we note confusion in the allegations in that plaintiffs claim that defendant Golden sexually assaulted plaintiffs by, for example, forcing plaintiffs to expose their breasts, touching plaintiffs' breasts, and taking sexually explicit photographs of plaintiffs, see, e.g., Complaint ¶ 77(3)(a)-(b), (d), (f), but, also allege, for example, that *all defendants* physically restrained, sexually touched or sodomized, kidnaped, and caused serious bodily harm to plaintiffs. See, e.g., Complaint ¶ 77(1). Plaintiffs should consider filing an amended complaint to clear up this confusion.

CONCLUSION

Defendants' Rule 12(b)(6) motion to dismiss (#17) is DENIED. Order staying discovery is lifted. Scheduling order to follow.

DATED this 5th day of August, 2010.

ROBERT E. JONES
U.S. District Judge